MICHELLE A. CHILDERS (SBN #197064)
michelle.childers@dbr.com
SANJEET S. GANJAM (SBN #285615)
Sanjeet.Ganjam@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105-2235
Telephone:     (415) 591-7500
Facsimile:      (415) 591-7510

Attorneys for Defendants
DEPUY ORTHOPAEDICS, INC.; DEPUY SYNTHES SALES, INC.; JOHNSON & JOHNSON SERVICES, INC.; and JOHNSON & JOHNSON (erroneously sued as JOHNSON & JOHNSON, INC.)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLE S. DARLEY,<br><br>                Plaintiff,<br><br>        v.<br><br>DEPUY ORTHOPAEDICS, INC.; DEPUY SYNTHES SALES, INC.; JOHNSON & JOHNSON SERVICES, INC.; JOHNSON & JOHNSON (erroneously sued as JOHNSON & JOHNSON, INC.); and DOES 1 through 20 INCLUSIVE,<br><br>                Defendants. | Case No. 2:13-CV-00721-MCE-CMK<br><br>**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY** |

Stipulated Protective Order of Confidentiality

Plaintiff and Defendants (sometimes hereinafter referred to as "Plaintiff" and/or "Defendants", or collectively, the "Parties") hereby stipulate and agree, through their respective attorneys of record as follows:

1. The Parties, by and through their counsel, stipulate and agree that this Stipulated Protective Order of Confidentiality—and any designation of a document, material or information (whether written, graphic, or electronic) as being a "PROTECTED DOCUMENT" subject to this Stipulated Protective Order of Confidentiality—is intended solely to facilitate prompt discovery and the preparation for trial of this case, pursuant to Local Rule ("L.R") 141.1(a)(1).

2. This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, produced by any party to this proceeding (the "Supplying Party") to any other party (the "Receiving Party"). This Protective Order is binding upon all Parties and their counsel, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, principals, experts, consultants, representatives, directors, officers, employees, and others as set forth in this Protective Order. If additional parties are added other than parents, subsidiaries or affiliates of current parties to this case, then their ability to receive a "PROTECTED DOCUMENT" as set forth in this Protective Order will be subject to them being bound, by agreement or Court Order, to this Protective Order.

(a) Third Parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Protective Order.

(b) The entry of this Protective Order does not preclude any party from seeking a further order of this Court.

(c) Nothing herein shall be construed to affect in any manner the admissibility at trial or in any other Court proceeding of any document, testimony, or other evidence, pursuant to L.R. 141.1(b)(1).

  (d) This Protective Order does not confer blanket protections on all documents, disclosures or responses to discovery and the protection it affords extends only to the specific information or items that are entitled to protection under the applicable legal principles for treatment as confidential after individual review by the Supplying Party.

  (e) The Parties seek protections afforded by a court order as opposed to a private agreement. Additionally, the Parties anticipate the use of experts and consultants in preparation for trial, and seek to bind such third parties to the same Protective Order. The Parties further wish to be bound by a court order pursuant to Federal Rule of Evidence 502(d) concerning disclosure protected by work product protection and/or attorney client privilege.

  3. The term "PROTECTED DOCUMENT" refers to information protected by Rule 26 of the Federal Rules of Civil Procedure, or other applicable laws or rules as a "trade secret" (as defined in the Uniform Trade Secrets Act) or privacy laws, including personal or medical information. "PROTECTED DOCUMENTS" containing confidential information as used in this Order means documents containing trade secrets and other information that is of a proprietary, business, financial or technical nature and not readily known or available to competitors, potential competitors, or the public, the value of which arises from its being confidential and the disclosure of which (whether separately or in conjunction with other information being produced) is believed in good faith by the Supplying Party to have the potential, if disclosed, for causing competitive harm to it or giving a competitive advantage to others. Plaintiff shall be permitted to designate materials that contain personal, financial or medical information as a "PROTECTED DOCUMENT" pursuant to this Order.

  4. Examples of "PROTECTED DOCUMENTS" containing such confidential information, which is of a proprietary, business, financial, or technical nature and not readily known or available to competitors, potential competitors, or the general public, include but are not limited to:

  (a) Engineering drawings showing the dimensions, specifications, tolerances, and similar information related to the design of the components and/or system or other hip systems;

  (b) Raw material specifications and certifications and manufacturing process

descriptions and records which provide details of the way in which Defendants manufacturer the components and/or system or other hip systems; and

(c) Documents related to Defendants' internal development, design, manufacturing, testing, and marketing processes, sales statistics, marketing plans, cost and pricing structures, customer lists, distributor lists, competitors and analysis of competitor products, independent contractors, complaint investigation, and similar matters which are confidential and proprietary and have independent economic value because they are not known to Defendants' competitors or potential competitors or the general public and have entailed substantial cost to develop and are necessary for a medical device company to compete in a heavily regulated industry and comply with governing FDA regulations.

5. No person who examines any item produced pursuant to a discovery request, or information that is protected by this Protective Order, shall disseminate orally, or by any other means, any protected information other than as permitted by this Order.

6. Any designation of "PROTECTED DOCUMENT" under this Stipulated Protective Order of Confidentiality shall not be construed as an admission or an agreement by any party:

(a) That the designated disclosure constitutes or contains confidential information; or

(b) That any document, material or information, or any portion thereof, constitutes competent, material, relevant, or admissible evidence in this case.

This Stipulated Protective Order of Confidentiality is entered into solely to facilitate a reasonable and prompt disclosure of discovery materials to facilitate preparation and trial of this case.

7. This Stipulated Protective Order of Confidentiality shall not be construed as a waiver by any party of the right to contest the designation of documents as a "PROTECTED DOCUMENT" under this Stipulated Protective Order of Confidentiality. Any party desiring to contest the protected designation of specific documents as a "PROTECTED DOCUMENT" may do so at any time and shall give the Supplying Party notice in writing (a letter to counsel delivered by U.S. mail or electronic transmission shall be sufficient) including the listing of any such document(s) or the bates ranges for the document(s), and shall provide a brief explanation of

1  the basis for contesting the "PROTECTED DOCUMENT" designation (the "Notice"). If the

2  same document in the Notice appears in the production at other bates numbers, the Notice shall be

3  deemed to be sufficient for all such documents. The Notice shall be sufficient if it identifies

4  documents being challenged and states the basis for the challenge. If the Parties cannot stipulate

5  to the designation as a "PROTECTED DOCUMENT" within thirty (30) days of the Supplying

6  Party's receipt of such written notice, the Supplying Party has the burden of making an

7  application to the Court for an order directing that the contested document(s) shall remain a

8  "PROTECTED DOCUMENT" under the terms of this Stipulated Protective Order of

9  Confidentiality—failure to make such application to the Court within thirty (30) days will operate

10  as a waiver of the confidentiality designation.

11      8.    Pursuant to the terms and requirements of this Stipulated Order of Confidentiality,

12  the Supplying Party may designate as a "PROTECTED DOCUMENT" all or any part of

13  documents produced by it in the course of litigation or in response to initial disclosures, and

14  various interrogatories and requests for production of documents, as well as documents,

15  electronic files and data compilations, and deposition transcripts, or portions thereof, that contain

16  or constitute confidential information.

17      9.    The designation of confidential information shall be made by placing or affixing

18  on the material in a manner that will not interfere with its legibility the words "PROTECTED

19  DOCUMENT. DOCUMENT SUBJECT TO PROTECTIVE ORDER" as long as the designation

20  is conspicuously placed on produced documents in a uniform manner. The designation shall be

21  made prior to, or contemporaneously with, production or disclosure of that material. Deposition

22  testimony or any portion thereof may be designated "Confidential" on the record at the time of

23  the deposition. If the party seeking to maintain a deposition transcript as Protected does not serve

24  a letter on the court reporter and Plaintiff's Counsel within 30 days of receipt of the deposition

25  transcript, then the entire transcript shall be deemed not to contain any Protected Information and

26  any legend stating Protected Information shall be removed. All copies, duplicates, extracts,

27  summaries or descriptions (hereinafter referred to collectively as copies) of documents designated

28  as "PROTECTED DOCUMENT" under this Order, or any portion of such a document, shall be

1  immediately affixed with the designation "PROTECTED DOCUMENT" if the word does not

2  already appear on the copy.  All such copies shall be afforded the full protection of this Order.

3       10.    A party may not file in the public record in this action any "PROTECTED

4  DOCUMENT", without written permission from the Supplying Party or a court order secured

5  after appropriate notice to all interested persons.  Material or information designated as a

6  "PROTECTED DOCUMENT" under this Stipulated Protective Order of Confidentiality shall not

7  be used or disclosed by any party, or their counsel or any person acting on his/her behalf to any

8  other persons except as provided for hereinafter, and shall not be used for any business or

9  competitive purpose, or for any other purposes whatsoever, other than the preparation and trial of

10  this action entitled *Darley v. Depuy Orthopaedics, Inc. et al.*, Case No. 2:13-CV-00721-MCE-

11  CMK and any appeal herein.

12       11.    Material or information designated as "PROTECTED DOCUMENT" under this

13  Stipulated Protective Order of Confidentiality shall not be disclosed to any other person or entity,

14  except in the following circumstances:

15       (a)    Disclosure may be made to employees of counsel for Plaintiff or Defendants who

16  have direct functional responsibility for assisting in the preparation and trial of this action or any

17  appeal herein.  Any employee to whom disclosure is made shall be advised of, shall become

18  subject to, and shall agree in advance of disclosure to, the provisions of this Stipulated Protective

19  Order requiring that the material and information be held in confidence.

20       (b)    Disclosure may be made to consultants or experts (hereinafter, "expert") employed

21  by Plaintiff or Defendant, or their counsel to assist in the preparation and trial of this case.

22  However, prior to disclosure to any expert (including undisclosed consulting experts), the expert

23  must agree to be bound by the terms of this Stipulated Protective Order of Confidentiality by

24  executing the acknowledgement annexed hereto as Exhibit "A."  With respect to experts, a copy

25  of each executed acknowledgement shall be maintained for Plaintiff by Plaintiff's Counsel, and

26  for Defendants by Defendants' Counsel, during the course of the litigation.  At the conclusion of

27  the litigation, counsel for Receiving Party shall confirm in writing with counsel for Supplying

28  Party that it will seek to have any documents designated as PROTECTED DOCUMENTS that

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER OF
CONFIDENTIALITY      - 6 -      CASE NO. 2:13-CV-00721-MCE-CMK

1 were provided to experts returned to counsel for the Receiving Party. In no event shall any
2 disclosure be made to current employees, officers, directors or consultants of any competitors of
3 Defendants, or to anyone who, at the time of disclosure, is anticipated to become an employee,
4 officer, director or consultant of any competitor of Defendants, irrespective of whether they are
5 retained as an expert for Plaintiff. A "competitor" shall be defined as any medical device
6 manufacturer that manufactures knee implants.

(c) Disclosure may be made to the Parties to the extent required for assisting in the preparation and trial of this matter or any appeal herein. To the extent such disclosure is made, such Party shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Stipulated Protective Order of Confidentiality requiring that the material and information be held as confidential.

(d) Disclosure may be made to the Court and court personnel (including the court having jurisdiction over any appeal).

(e) Disclosure may be made to Court reporters used in connection with the litigation.

(f) Disclosure may be made to any person who (i) wrote or received a copy of the document designated confidential before it was furnished in this litigation, or (ii) was present or participated in a meeting or discussion of the protected information before it was furnished in this litigation.

(g) Disclosure may be made to any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter.

(h) Disclosure may be made to employees of outside copying, document imaging and facsimile services.

(i) Disclosure may be made to witnesses or deponents in the course of this case, only as necessary for the case and only after the person to whom such disclosure is made has been informed of the Stipulated Protective Order of Confidentiality and has agreed in writing to be bound by it, by signing the form of acknowledgement annexed as Exhibit "A". The executed acknowledgement shall be retained by counsel for the Receiving Party, with a copy provided to

1  counsel for the Supplying Party on a showing of good cause where providing a copy does not
2  violate the attorney-client privilege, the work-product privilege or any other privilege.

3      12.    All counsel shall keep all material or information designated as a "PROTECTED
4  DOCUMENT" which is received under this Stipulated Protective Order of Confidentiality within
5  its exclusive possession and control, except as provided in paragraph 11, and shall take
6  reasonable steps to maintain such material in a secure manner.  Except as provided in paragraph
7  11 above, no person shall have access to the foregoing material and information.

8      13.    Any person having access to material or information designated as a
9  "PROTECTED DOCUMENT" under this Stipulated Protective Order Of Confidentiality,
10 including consultants and experts, are permitted to make copies, extracts, summaries, or
11 descriptions of the material or information or any portion thereof as necessary for the preparation
12 and trial of this litigation.

13     14.    If, in connection with any motion or other proceeding except trial, the Receiving
14 Party intends to offer into evidence any documents designated a "PROTECTED DOCUMENT,"
15 such evidence shall be submitted to the Supplying Party at least 21 days prior to offering such
16 evidence in open court or filing such evidence with the Court in this case, so that the Supplying
17 Party may have time to move the Court to seal the documents pursuant to procedures described
18 under L.R. 141 and 141.1(e).  "Documents that are the subject of a protective order may be filed
19 under seal only if a sealing order is first obtained in compliance with L.R. 141."  L.R. 141.1(e).
20 "Documents may be sealed only by written order of the Court, upon the showing required by
21 applicable law."  L.R. 141(a).  "The Request to Seal Documents shall set forth the statutory or
22 other authority for sealing, the requested duration, the identity, by name or category, of persons to
23 be permitted access to the documents, and all other relevant information."  L.R. 141.1(b).  The
24 Parties shall be entitled to identify and use documents for trial purposes regardless of a
25 "PROTECTED DOCUMENT" designation, provided that for any documents identified on exhibit
26 lists for use at trial, the Parties shall be entitled to seek appropriate protection, including by
27 protective order pursuant to L.R. 141.1(b)(2), by motions in limine, or otherwise, for any
28 documents so identified.

15. If another court or an administrative agency subpoenas or otherwise orders production of a "PROTECTED DOCUMENT" that a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall promptly notify counsel for the Supplying Party in writing via fax and overnight delivery of all of the following: (1) the "PROTECTED DOCUMENT" that is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. In no event shall a "PROTECTED DOCUMENT" be produced prior to the expiration of fifteen (15) days following transmission of written notice to counsel for the Supplying Party unless required to do so by the order seeking the documents.

16. If any party learns of any unauthorized disclosure of documents or information designated as a "PROTECTED DOCUMENT" by Parties or counsel in this case, it shall immediately inform the Court in writing of all pertinent facts relating to such disclosure.

17. Inadvertent production of any document or information without a designation of "PROTECTED DOCUMENT" will not be deemed to waive a later claim to its confidential nature or preclude a party from designating said document or information as a "PROTECTED DOCUMENT" pursuant to this Order at a later date. The Supplying Party may designate as a "PROTECTED DOCUMENT" or withdraw a "PROTECTED DOCUMENT" designation from any material that it has produced, provided, however, that such re-designation shall be effective only as of the date of such re-designation. The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received. Such re-designation shall be accomplished by notifying counsel for each party in writing of such re-designation and providing replacement images bearing the appropriate description. Upon receipt of any re-designation and replacement image that designates material as a "PROTECTED DOCUMENT," all Parties shall (1) treat such material in accordance with this Order; (2) take

1  reasonable steps to notify any persons known to have possession of any such material of such re-
2  designation under this Protective Order; and (3) promptly endeavor to procure all copies of such
3  material from any persons known to have possession of such material who are not entitled to
4  receipt under this Protective Order.

5      18.    The production or disclosure of documents subject to work-product immunity, the
6  attorney-client privilege, or other legal privilege protecting information from discovery
7  (hereinafter "Privileged Material") shall not constitute a waiver of the immunity or privilege from
8  discovery by the Supplying Party in this or any subsequent state or federal proceeding pursuant to
9  Federal Rule of Evidence 502 regardless of the circumstances of disclosure. If any party becomes
10 aware of the production or disclosure of Privileged Material by any other party, that party shall
11 provide written notice of production or disclosure of privileged material. Once such notification is
12 made, the Privileged Material and all copies thereof shall, upon request, be returned to the
13 Supplying Party, all notes or other work product of the Receiving Party reflecting the contents of
14 such materials shall be destroyed, and such returned or destroyed material shall be deleted from
15 any litigation-support or other database.  If the Receiving Party disputes in writing the claim of
16 privilege, they may retain possession of the Privileged Material as well as any notes or other work
17 product of the Receiving Party reflecting the contents of such materials pending the resolution by
18 the Court of the motion below.  If the Receiving Party's motion is denied, the Receiving Party
19 shall promptly comply with the immediately preceding provisions of this paragraph or such other
20 directives as may be issued by the Court.  No use shall be made of such Privileged Material
21 during depositions or at trial, nor shall they be disclosed to anyone who was not given access to
22 them prior to the request to return or destroy them.  The Receiving Party may, after receipt of the
23 notice of production or disclosure of Privileged Material, move the Court to oppose the request
24 for return of the subject materials.

25     19.    Upon final termination of this case, whether by judgment, settlement or otherwise,
26 upon written request from counsel for the Supplying Party, counsel for all Parties shall return to
27 counsel for the Supplying Party all materials and all copies thereof in his/her possession that were
28 designated by Supplying Party as a "PROTECTED DOCUMENT" in accordance with this

1 Stipulated Protective Order of Confidentiality and/or, in the alternative, provide a written
2 statement to counsel for the Supplying Party that all copies of such materials in his or her
3 possession, including copies upon which any notes have been made, have been destroyed.

4     20.    Any party for good cause shown may apply to the Court for modification of this
5 Protective Order, or the Protective Order may be modified by consent of the Parties in writing.
6 This Stipulated Protective Order of Confidentiality shall remain in full force and effect and each
7 person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the
8 purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any
9 person or of the subject matter of this Order by the occurrence of conclusion of this case, or by
10 the filing of a notice of appeal, or other pleading which would have the effect of divesting this
11 Court of jurisdiction of this matter generally.

**Dated:  December 5, 2013**

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

**AGREED TO BY COUNSEL OF RECORD:**

Dated: November 15, 2013                    ALTEMUS & WAGNER

By: /s/ Stewart C. Altemus
      Stewart C. Altemus

Attorneys for Plaintiff
KELLE S. DARLEY

Dated: November 15, 2013                    DRINKER BIDDLE & REATH LLP

By: /s/ Sanjeet S. Ganjam
      Michelle A. Childers
      Sanjeet S. Ganjam

Attorneys for Defendants
DEPUY ORTHOPAEDICS, INC.; DEPUY SYNTHES SALES, INC.; JOHNSON & JOHNSON SERVICES, INC.; and JOHNSON & JOHNSON (erroneously sued as JOHNSON & JOHNSON, INC.)

|  |  |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| KELLE S. DARLEY,<br><br>  Plaintiff,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC.; DEPUY SYNTHES SALES, INC.; JOHNSON & JOHNSON SERVICES, INC.; JOHNSON & JOHNSON (erroneously sued as JOHNSON & JOHNSON, INC.); and DOES 1 through 20 INCLUSIVE,<br><br>  Defendants. | Case No. 2:13-CV-00721-MCE-CMK<br><br>**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY** |

## **CONFIDENTIALITY AGREEMENT**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order of Confidentiality executed by the attorneys of record for the Parties and entered by the Court in the action presently pending in United States District Court for the Eastern District of California entitled *Darley v. Depuy Orthopaedics et al.,* Case No. 2:13-CV-00721-MCE-CMK, and understands the terms thereof and agrees, upon threat of penalty of contempt, to be bound by such terms.

Date: _____       Signature: _____

                                                              Printed Name: _____