UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLE S. DARLEY,<br><br>            Plaintiff,<br><br>    v.<br><br>DEPUY ORTHOPAEDICS, INC. et al.,<br><br>            Defendants. | No. 2:13-cv-00721-MCE-CMK<br><br><br>**ORDER** |

       On March 7, 2013, Plaintiff Kelle S. Darley ("Plaintiff") filed the instant action in the Superior Court of California, County of Shasta, against Defendants DePuy Orthopaedics, Inc. ("DePuy"), Johnson & Johnson Services, Inc., Johnson & Johnson and DePuy Synthes Sales, Inc. (collectively, "Defendants").  Notice of Removal, ECF No. 2; Compl., ECF Nos. 3-1.  Plaintiff seeks damages allegedly caused by complications resulting from a total knee arthroplasty utilizing a product manufactured by DePuy.  ECF Nos. 3-1, 10.  Plaintiff alleges four state law causes of action against Defendants: (1) Strict Liability Manufacturing and Design Defect; (2) Negligent Design, Manufacturing, Marketing and Distribution; (3) Breach of Implied Warranty; and (4) Breach of Express Warranty.  Compl., ECF No. 3-1.  On April 12, 2014, Defendants removed this action on the basis of this Court's diversity jurisdiction.  Notice of Removal, ECF No. 2.  On May 1, 2014, Defendants moved for Summary Judgment on the ground that Plaintiff's claims,

which all arise under state law, are preempted by federal law because the claims would impose requirements different from or in addition to those mandated by the United States Food and Drug Administration ("FDA") pursuant to the Premarket Approval ("PMA") process. Mot., ECF No. 20. Defendants' Motion was set to be heard on August 7, 2014. Order, ECF No. 28.[1] Plaintiff failed to file an opposition or statement of non-opposition to Defendants' Motion in violation of Local Rule 230(c).[2] On July 25, 2014, the Court vacated the August 7, 2014 hearing and ordered Plaintiff to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b).[3] ECF No. 29. The Court cautioned Plaintiff that if she failed to file a written response within ten (10) days, this case would be dismissed with prejudice, without further notice to the parties. Id. Plaintiff failed to respond to the Court's Order to Show Cause.[4]

Under this Court's Local Rules, opposition to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." E.D. Cal. Local R. 230(c). However, "[a] responding party who has no opposition to the granting of the motion shall serve and file

---

[1] Defendants' motion was initially set to be heard on June 26, 2014. However, to accommodate Plaintiff's request to conduct a deposition prior to filing her Opposition, the parties stipulated to moving the hearing to August 7, 2014. See ECF No. 28.

[2] Based on the parties' stipulation, it appears that Plaintiff incorrectly believed her Opposition was due "five weeks prior to the noticed hearing date." ECF No. 28. Oppositions to motions for summary judgment are due five weeks prior to the last day to hear dispositive motions when accompanied by a cross-motion for summary judgment. See Pretrial Scheduling Order, ECF No. 11 at 4. Here, there is no indication that Plaintiff planned to file a cross-motion for summary judgment nor was Defendants' motion set to be heard on the last day to hear dispositive motions, December 18, 2014. See ECF Nos. 11, 28. Plaintiff's Opposition or Statement of Non-Opposition was therefore due on or before July 24, 2014.

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise stated.

[4] The Court required that Plaintiff file a response within ten (10) days of the Court's July 25, 2014, Order. See ECF No. 29. Under the Local Rules, "days" are calculated pursuant to Rule 6. See E.D. Cal. Local R. 101. Therefore, Plaintiff was required to respond to the Court's Order on or before August 4, 2014. Because oral argument on the Court's Order to Show Cause would not be of material assistance and because Plaintiff failed to comply with the Order, the Court declined to hold oral argument. E.D. Cal. Local R. 230(g). Moreover, Plaintiff did not request a hearing. See Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962) (explaining that "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting"); cf. Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986) (noting that plaintiff did not request a hearing prior to dismissal for lack of prosecution and failure to comply with local rules).

a statement to that effect, specifically designating the motion in question." Id. Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local R. 110. District courts have the inherent power to control their dockets and, "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case." Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with the local rules. See, e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962) (citing Fed R. Civ. P. 41(b) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.")); Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Henderson, 779 F.2d at 1424 (dismissal for failure to prosecute and failure to comply with local rules). A district court considers five factors before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

The Court recognizes that a motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. See Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995); Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993). As the Ninth Circuit explained in Henry, "[a] local rule

that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56, hence impermissible under Rule 83." Henry, 983 F.2d at 950.[5]  However, where a party has violated a local rule, "the district court [is] free to devise such sanctions as seem appropriate short of granting summary judgment where the movant has failed to meet its burden of demonstrating the absence of triable issues."  Marshall, 44 F.3d at 725.[6]

      Here, Plaintiff failed to file a timely response to Defendants' Motion for Summary Judgment in violation of Local Rule 230.  Thereafter, the court issued an Order to Show Cause that provided Plaintiff with an opportunity to show good cause for her failure to respond to Defendants' motion.  A review of the five factors supports this Court's decision to dismiss this action.  Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile.  Moreover, the public interest in expeditious resolution of litigation, the Court's need to manage its docket, and the risk of prejudice to Defendants all support the imposition of the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.

///

---

[5] In Henry, the Ninth Circuit rejected a local rule that was "permissive, conferring discretion upon the district judge to determine whether non-compliance should be deemed consent to a given motion." 983 F.2d at 950.  In rejecting the rule, that Court explained that a district court's discretion "is necessarily abused when exercised to grant a motion for summary judgment where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact."  Id.  In Marshall, the Ninth Circuit disapproved of a similar local rule which stated that "papers not timely filed by a party 'will not be considered and may be deemed by the court consent to the granting or denial of the motion as the case may be.'"  44 F.3d at 724.  That Court noted the "practical effect" of that rule "was to grant summary judgment as a sanction for the late filing."  Id. at 725.  These cases are distinguishable from the case at hand.  Henry and Marshall stand for the proposition that a district court may not grant a motion for summary judgment on the basis of a party's failure to oppose.  Here, it is the failure of Plaintiff to prosecute her action, as well as her failure to respond to this Court's order, which results in dismissal.  In fact, the Court denies Defendants' Motion for Summary Judgment as moot, and the Court therefore does not reach its merits.

[6] The Court's August 28, 2013, Pretrial Scheduling Order explains that the "[f]ailure to comply with Local Rules 230 and 260 . . . may be deemed consent to [a] motion and the Court may dispose of the motion summarily."  ECF No. 11 at 4 (footnote omitted).  However, as explained in this Order, the Court does not deem Plaintiff's consent to Defendants' Motion from her failure to oppose nor does the Court grant Defendant's Motion on the basis that Defendants shifted the burden to Plaintiff to demonstrate that a genuine issue of material fact remains for trial.

However, Plaintiff's failure to prosecute this action makes disposition on the merits impractical and a waste of judicial resources.

Pursuant to the terms of this Court's July 25, 2014, Order, this action is DISMISSED with prejudice due to Plaintiff's failure to prosecute and violation of Local Rule 230(c), as well as for Plaintiff's failure to respond to the Order to Show Cause. Defendants' Motion for Summary Judgment, ECF No. 20, is DENIED as MOOT and the Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated: August 11, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT